# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH DAKOTA

## SOUTHERN DIVISION



| | |
|---|---|
| JOHN DAVID ABDO, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>SHANE LARSON, BRIAN MCGUIRE,<br><br>Defendants. | 4:17-CV-04079-LLP<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION TO APPOINT COUNSEL, DISMISSING COMPLAINT IN PART AND DIRECTING SERVICE |

## INTRODUCTION

Plaintiff, John David Abdo, Jr., is an inmate at the South Dakota State Penitentiary in Sioux Falls. He filed a pro se lawsuit pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Docket 1; Docket 3. For the following reasons, Abdo's motion to proceed in forma pauperis is granted, his motion to appoint counsel is denied, and his complaint is dismissed in part and survives screening in part.

## FACTUAL BACKGROUND

Abdo alleges that Charles Mix County sent two officers, Shane Larson and Brian McGuire, to Wagner IHS in Indian Country in order to arrest him without notifying the BIA. Docket 1 at 4. He alleges that he was arrested without a warrant and taken to jail after a non-owner of his home gave the officers consent to enter. *Id.* Abdo rented his room. *Id.*

At the jail, the officers got a warrant for a urinary analysis. *Id.* Abdo alleges that the warrant was obtained unlawfully because he was not found with drugs in his possession and did not have any other obligation to submit to the urinary analysis. *Id.* McGuire threatened to forcibly catheterize Abdo to if Abdo did not submit to the urinary analysis. *Id.* at 5. Abdo alleges that the officers filmed the procedure. *Id.*

Abdo alleges that both McGuire and Larson agreed to obtain a warrant without probable cause. *Id.* Because of this and the forced urinary analysis, Abdo was charged with a felony, which was eventually dismissed. *Id.* at 4. Finally, Abdo alleges that McGuire discriminates against all Native Americans because McGuire has a personal grudge against an individual Native American other than Abdo, and this discrimination prompted Abdo's arrest. *Id.* at 6.

## DISCUSSION

### I. Motion to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

2

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Abdo reported average monthly deposits to his prisoner trust account of $0 and an average monthly balance of *negative* $9.08. Docket 4. Based on this information, the court finds that Abdo is indigent. Section 1915(b) states, "In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." Therefore, the court grants Abdo leave to proceed in forma pauperis and waives his initial partial filing fee.

Abdo must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, the installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at Abdo's institution. Abdo remains responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

**II.    Screening Pursuant to § 1915A**

Abdo raises three claims in his complaint. Docket 1. He claims that defendants performed an illegal search and seizure. *Id.* at 4. He claims that his Eighth Amendment rights were violated. *Id.* at 5. And he claims that McGuire violated his Equal Protection rights by arresting him and that the arrest constituted unconstitutional retaliation. *Id.* at 6.

**A.    Count I**

Abdo claims that McGuire and Larson violated his Fourth Amendment rights by arresting him without a warrant. " 'The Fourth Amendment, as applied to the States through the Fourteenth Amendment, requires that an officer have probable cause before making a warrantless arrest.' " *Chevallier v. Hand*, 722 F.3d 1101, 1103–04 (8th Cir. 2013) (quoting *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010)). Abdo alleges that he was arrested unlawfully, and he does not allege any facts that show probable cause. Therefore, Abdo states a claim that McGuire and Larson violated his Fourth Amendment rights by arresting him without a warrant.

In Count I, Abdo also claims that McGuire and Larson violated his Fourth Amendment rights by compelling a urine sample from him. Under the Fourth Amendment, "all searches and seizures must be reasonable" and, "a

warrant may not be issued unless probable cause is properly established and the scope of the authorized search is set out with particularity." *Kentucky v. King*, 563 U.S. 452, 459 (2011). "A compelled urinalysis is a search under the Fourth Amendment[.]" *United States v. Twiss*, 127 F.3d 771, 773 (8th Cir. 1997); *see also Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 617 (1989).

Abdo alleges that defendants obtained an unlawful warrant in order to compel a urine sample. He alleges there was no probable cause for the warrant because he was not arrested in possession of drugs or under obligation for any reason to provide a urine sample. Abdo's complaint alleges that there was no probable cause for the warrant. Therefore, Abdo states a claim that McGuire and Larson violated his Fourth Amendment rights by compelling a urine sample without probable cause.

**B.  Count II**

Abdo claims that McGuire forcibly catheterized him in order to get a urine sample and filmed the procedure. First, Abdo raises this claim under the Eighth Amendment. The Eighth Amendment applies to prisoners, not detainees. *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). However, " '[t]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.' " *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Therefore, the Court construes Abdo's claim as rising under the Fourteenth Amendment.

5

The Court's "due-process excessive-force analysis focuses on whether a defendant's 'purpose in [using force against a pretrial detainee] ... was to injure, punish or discipline' the detainee." *Id.* (quoting *Putman v. Gerloff*, 639 F.2d 415, 421 (8th Cir. 1981)). The Due Process Clause, however, "affords pretrial detainees at least as much protection as the Eighth Amendment provides to convicted prisoners." *Id.* (citing *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003)).

Abdo alleges that there was no reason to take a urine sample, and he was not arrested in possession of drugs. Docket 1 at 5. Further, he alleges that McGuire filmed the officers. *Id.* Therefore, Abdo states a claim that McGuire violated his Fourteenth Amendment rights by forcibly catheterizing him.

**C.    Count III**

Abdo claims that McGuire arrested him unconstitutionally. First, Abdo claims that McGuire violated his rights under the Equal Protection Clause because McGuire arrested him because he is a Native American. In *Johnson v. Crooks*, 326 F.3d 995 (8th Cir. 2003), the Eighth Circuit Court of Appeals stated that plaintiff who alleged that the defendant officer's traffic stop was due to plaintiff's race stated "a cognizable equal protection claim." *Id.* at 999. " '[T]he Constitution prohibits selective enforcement of the law based on considerations such as race.' " *Id.* (quoting *Whren v. United States*, 517 U.S. 806, 810 (1996)). Although the Court of Appeals upheld the granting of summary judgment against plaintiff, that decision concerned plaintiff's

inability to show "proof of both discriminatory effect and discriminatory purpose." *Id.* at 1000. At this point, Abdo has alleged sufficient facts to raise a claim under the Equal Protection Clause against McGuire. *See Njaka v. Wright Cty.*, 560 F. Supp. 2d 746, 755 (D. Minn. 2008) (allegations that defendants engaged in discriminatory practices and searched plaintiff because of his race were sufficient to plead an equal protection claim because the issue was not whether plaintiff "presented sufficient evidence in opposition to summary judgment").

Second, Abdo alleges that McGuire's arrest constituted unconstitutional retaliation. To establish a retaliation claim, Abdo must show "(1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Spencer v. Jackson Cty. Mo.*, 738 F.3d 907 (8th Cir. 2013) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)). Abdo does not allege that he engaged in a protected activity. Therefore, Abdo fails to state a claim upon which relief may be granted, and his claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### III. Motion to Appoint Counsel

Abdo moves the court to appoint him counsel. Docket 6. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the

district court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim. *Id.* Abdo's claims are not complex, and he appears able to adequately present his § 1983 claims at this time. Therefore, his motion is denied.

The court is aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

Accordingly, it is ORDERED

1. Abdo's motion for leave to proceed in forma pauperis (Docket 3) is granted.

2. Abdo's institution will collect the monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those installments to the court until the $350 filing fee is paid in full.

3. The clerk of the court is directed to send a copy of this order to the appropriate official at Abdo's institution.

4. Abdo's motion to appoint counsel (Docket 6) is denied.

5. Abdo fails to state a retaliation claim upon which relief may be granted, and this claim is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

6. The remainder of Abdo's claims survive screening pursuant to 28 U.S.C. § 1915A.

7. The Clerk shall send blank summons forms to Abdo so he may cause the summons and complaint to be served upon defendants.

8. The United States Marshal shall serve a copy of the complaint (Docket 1), summons, and this order upon defendants as directed by Abdo. All costs of service shall be advanced by the United States.

9. Defendants will serve and file an answer or responsive pleading to the remaining claims in the complaint on or before 21 days following the date of service.

10. Abdo will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

11. Abdo will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated this 20th day of June, 2017.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
Deputy