UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN DAVID ABDO JR., <br><br> Plaintiff, <br><br> vs. <br><br> SHANE LARSON, OFFICER AT CITY OF WAGNER; IN HIS INDIVIDUAL CAPACITY; AND BRIAN MCGUIRE, OFFICER AT CITY OF WAGNER; IN HIS INDIVIDUAL CAPACITY; <br><br> Defendants. | 4:17-CV-04079-LLP <br><br><br> ORDER |

## INTRODUCTION

Plaintiff, John David Abdo, Jr., is an inmate at the South Dakota State Penitentiary in Sioux Falls. He filed a pro se lawsuit pursuant to 42 U.S.C. § 1983. Docket 1. This Court screened his complaint and directed service on the surviving claims. Docket 7. The defendants were served (Dockets 14 and 15) and filed their answer (Docket 16). Abdo now moves to amend his complaint (Dockets 9, 20, 22), to re-word Federal question and grant a preliminary injunction (Docket 12), to petition prosecution investigation (Docket 20), and to appoint counsel (Docket 22). For the reasons below, the court denies Abdo's motions.

## FACTUAL BACKGROUND

The pertinent facts are set forth in the initial screening order at docket 7.

1

## DISCUSSION

### I. Motion to Amend

Abdo moves to amend his complaint. Dockets 9, 20, 22. Under the local rules:

> [A]ny party moving to amend a pleading will attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified. If the court grants the motion, the moving party will file a clean original of the amended pleading with the clerk of court within 7 days.

D.S.D. Civ. LR 15.1.

Abdo failed to follow this rule in attempting to amend his complaint. Dockets 20, 22. On July 7, 2017, Abdo filed his first amended complaint. Docket 9. Then, on December 4, 2017, Abdo filed his second amended complaint. Docket 20. Finally, on December 13, 2017, Abdo again moves to amend complaint. Docket 22. It is unclear whether Abdo wishes the court to construe his first amended complaint (Docket 9) as his amended complaint or whether he wishes to add to or change this complaint with his subsequent motions. Abdo's motions to amend (Dockets 9, 20, 22) are denied.

If Abdo wishes to amend his original complaint, he must either give the court notice that he wishes his first amended complaint (Docket 9) alone to constitute his complaint or file a proposed amended complaint that fully states all of the claims he intends to raise, not one that is an addition to another complaint. If Abdo chooses to file a proposed amended complaint that fully states all of the claims he intends to raise, he must comply with local rule 15.1. Abdo is also warned that the court will not reverse its previous screening decision merely because he disagrees with it.

## II. Motion to Re-Word Federal Question

Abdo moves the court to re-word a federal question he previously posed to the court. Docket 12. Abdo now seeks to word the question "based off the actual happening form, instead of the vague, could have happened." *Id.* Abdo asks the court, "Is it constitutional, without subject matter, or without probable cause, to threaten safty [sic] with force and threat of violence by way of entrapment, agress [sic] and relieve an American citizen of constitutional rights to unlawfully gain property, in which the siezure [sic] of that property effects personal funds, public funds and Judicial commerce, swaying the economy?" *Id.*

A federal court does not issue advisory opinions on general principles of law. "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. *Nat'l Fed'n of the Blind of Mo. v. Cross*, 184 F.3d 973, 979 (8th Cir. 1999). Federal courts are not to decide abstract, hypothetical or contingent questions, to decide any constitutional question in advance of the necessity for its decision, to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied, or to decide any constitutional question except with reference to the particular facts to which it is to be applied. *Vorbeck v. Schnicker*, 660 F.2d 1260, 1264 (8th Cir. 1981) (quoting *Federation of Labor v. McAdory*, 325 U.S. 450 (1945)).

Even re-worded, Abdo still seeks an advisory opinion from this court. This court is not permitted to issue such an opinion. Allowing Abdo to re-word his previously posed federal question would be futile. Thus, Abdo's motion to re-word federal question is denied.

### III. Motion to Petition Prosecution Investigation

Abdo moves the court to order a prosecution investigation into an alleged conspiracy to strip Abdo of his constitutional rights. Docket 20. If Abdo seeks to have this court conduct some type of investigation, then he misunderstands the role of the federal courts. The judicial branch of government does not have the authority (or the resources) to conduct factfinding investigations at the request of private parties. Rather, the federal courts are empowered only to adjudicate actual cases and controversies properly brought before them. *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). If Abdo seeks a criminal investigation into the matter, it is well-settled that private citizens have no constitutional or other right to right to a criminal investigation. *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir.2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *Koger v. Florida*, 130 Fed. App'x 327, 335, 2005 WL 1027204, at *6 (11th Cir. May 3, 2005) (opining that a "plaintiff had no substantive due process right to an investigation of a constitutional claim by a sheriff's office"). Thus, Abdo's motion for a prosecution investigation is denied.

In this same motion, Abdo also states, "This is also an application for a preliminary injunction." *Id.* at 9. The four factors the court considers in determining whether to grant preliminary injunctive relief are: " '(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.' " *Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013) (quoting *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)). Since Dataphase, the Eighth Circuit Court of Appeals has "observed that the 'likelihood of success on the merits is most significant.' " *Id.* (quoting *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 776 (8th Cir. 2012)).

4

Abdo cannot show that he is likely to succeed on the merits of the alleged conspiracy claim. Abdo's complaint does not include a conspiracy claim nor has Abdo properly amended his complaint to include a conspiracy claim. Thus, Abdo's motion for a preliminary injunction (Docket 20) is denied.

### IV. Motion to Appoint Counsel

Abdo moves the court to appoint him counsel. Docket 22. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim. *Id.* Abdo's claims are not complex, and he appears able to adequately present his § 1983 claims at this time. Therefore, his motion is denied.

The court is aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

Accordingly, it is ORDERED

1. Abdo's motions to amend (Docket 9, 20, 22) are denied. If Abdo wishes to amend his complaint, he must do so by April 27, 2018.

2. Abdo's motion to re-word federal question (Docket 12) is denied.

3. Abdo's motion to petition prosecution investigation (Docket 20) is denied.

4. Abdo's motion for a preliminary injunction (Docket 20) is denied.

5. Abdo's motion to appoint counsel (Docket 22) is denied.

Dated this 28th day of March, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

BY: *Summer Wolhuter*
Deputy