UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DAVID ABDO JR., <br><br> Plaintiff, <br><br> vs. <br><br> SHANE LARSON, OFFICER AT CITY OF WAGNER; IN HIS INDIVIDUAL CAPACITY; AND BRIAN MCGUIRE, OFFICER AT CITY OF WAGNER; IN HIS INDIVIDUAL CAPACITY; <br><br> Defendants. | 4:17-CV-04079-LLP <br><br><br> ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Plaintiff, John David Abdo Jr., filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docs. 1, 38. Pending before the Court are Abdo's motions to appoint counsel, Docs. 41, 42, and defendants' unopposed motion for summary judgment, Doc. 45.

I. **Motion for Summary Judgment Based on the Merits and Qualified Immunity**

On, August 12, 2019, defendants moved for summary judgment based on the merits and qualified immunity. Doc. 45. They filed a brief in support, a statement of undisputed fact, and an affidavit. Docs. 46, 47, 48. At this time, Abdo has not filed a response in opposition.

**FACTUAL BACKGROUND**

Viewing the evidence in the light most favorable to Abdo as the nonmoving party, including the defendants' statement of undisputed material facts, which Abdo did not object to, the facts are:[1]

---

[1] Under Local Rule 56.1.D, "[a]ll material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to the moving party's statement of material facts."

On the evening of January 7, 2016, Abdo was at the home of Shelly Selwyn in Wagner, South Dakota. Doc. 47 ¶ 1. Selwyn did not live in the house but allowed her daughter, Roseanne Weddell and Roseanne's husband, Winston Houseman, to stay there. *Id.* ¶¶ 2, 3. The group collectively consumed a half-gallon of vodka, and later Philomene Boneshirt (a guest) and John Abdo went to a bedroom together. *Id.* ¶ 4.

Houseman heard crying and screaming and heard Boneshirt say " 'Stop biting me!' " *Id.* ¶ 5. Houseman went into the room to investigate and found Boneshirt in the bathroom screaming. *Id.* ¶ 6. Houseman saw Abdo sleeping or passed out in the room adjacent to the bathroom. *Id.* ¶ 7. Weddell found Boneshirt bloody and she had an injury to her nose with bite marks on her body. *Id.* ¶ 8. Boneshirt's nose has been "cut, torn, or bitten off, and plastic surgery was required to reattach it." *Id.* ¶ 9. Boneshirt was taken to the Indian Health Service Hospital in Wagner, South Dakota and called law enforcement. *Id.* ¶ 10. Shane Larson, a police officer for the City of Wagner responded, spoke with Houseman, and determined Abdo to be a suspect. *Id.* ¶ 11-12. Houseman gave permission both verbally and in writing for Officer Larson to enter Selwyn's home. *Id.* ¶ 13. The officer found Abdo passed out in the bedroom and noticed that he had blood on his hands and around his mouth. *Id.* ¶¶ 14, 15. Abdo was arrested and taken to the Charles Mix County jail in Lake Andes, South Dakota. *Id.* ¶ 17.

At the jail, Abdo was so intoxicated, that Officers Larson and McGuire were unable to obtain a preliminary breathalyzer test (PBT). *Id.* ¶ 18. At this point, Officer Larson had to end his shift and Officer McGuire completed the affidavit for the search warrant to obtain a sample of Abdo's urine. *Id.* ¶¶ 19, 20. Office McGuire stated in his affidavit that Abdo was lying on the floor when he was taken into custody for aggravated assault, that he observed Abdo's pupils to be " 'pinpoint[,]' " and that Abdo's attitude was erratic. *Id.* ¶¶ 22-24. Officer McGuire requested a warrant to search Abdo's

2

" 'urine or other bodily fluid to determine the amount of methamphetamine, or any controlled drug and substance' " and a Charles Mix County Magistrate Judge issued a search warrant. *Id.* ¶¶ 25, 26. The warranted granted Officer McGuire the authority to " 'search/seize the person of John David Abdo JR . . . and transport him to Wagner Community Hospital to have a sample of his urine taken' by a 'reliable and accepted method, in a medically approved, reasonable manner.' " *Id.* ¶ 27.

When Officer McGuire presented Abdo with the warrant, Abdo tried to punch a an officer and when he went to the hospital, he was told that he could voluntarily offer a urine sample or he could have one collected through a catheter. *Id.* ¶¶ 28, 29. Abdo agreed to provide the urine sample voluntarily. *Id.* ¶ 30. Later, Abdo was charged with aggravated assault and second-degree escape. *Id.* ¶ 31. Abdo filed two motions to suppress, one regarding the law enforcement's entry into this bedroom in the residence without a warrant, and one asserting that the warrant for his urine was not supported by probable cause. *Id.* ¶¶ 32, 34. The motion to suppress regarding the entry of the home was denied, but the motion to suppress regarding his urine sample was granted as the First Circuit Court of South Dakota found that the magistrate judge lacked a substantial basis for issuing the warrant and that probable cause was lacking. *Id.* ¶¶ 33, 35. Defendants have only been sued in their individual capacities. *See* Doc. 1.

## LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The court must view the facts, and inferences from those facts, in the light most favorable to the nonmoving party. *See* Ma*tsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, (1962)); *Helton v. Southland Racing*

*Corp.*, 600 F.3d 954, 957 (8th Cir. 2010) (per curiam). Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994).

The burden is placed on the moving party to establish both the absence of any genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Once the movant has met its burden, the nonmoving party may not simply rest on the allegations in the pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *Anderson*, 477 U.S. at 256; FED. R. CIV. P. 56(e) (each party must properly support its own assertions of fact and properly address the opposing party's assertions of fact, as required by Rule 56(c)). The underlying substantive law identifies which facts are "material" for purposes of a motion for summary judgment. *Anderson*, 477 U.S. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* (citing 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Fed. Practice & Procedure § 2725, at 93-95 (3d ed. 1983)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48. Essentially, the availability of summary judgment turns on whether a proper jury question is presented: "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

South Dakota Local Rule 56.1.D. states, "All material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's statement of material facts." That the Court adopts the defendants' facts because Abdo did not dispute them does not necessarily allow the Court to summarily grant the defendants' motion. "Even if a motion for summary judgment on a particular claim stands unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law on that claim." *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993).

### A. Count I/Fourth Amendment

#### i. Arrest without a Warrant

Abdo claims that he was arrested by Officer McGuire and Officer Larson without a warrant. Doc. 7 at 4. "'The Fourth Amendment, as applied to the States through the Fourteenth Amendment, requires that an officer have probable cause before making a warrantless arrest.'" *Chevallier v. Hand*, 722 F.3d 1101, 1103-04 (8th Cir. 2013) (quoting *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010)). However, defendants argue that this issue invokes the collateral estoppel doctrine. Doc. 46 at 3-4, 5-7. "State courts unquestionably have power to render preclusive judgments regarding the Fourth Amendment's prohibition of unreasonable searches and seizures." *Linnen v. Armainis*, 991 F.2d 1102, 1108 (3d Cir. 1993) (referencing *Allen v. McCurry*, 449 U.S. 90, 95, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980); *Stone v. Powell*, 428 U.S. 465, 494-95 (1976)). In "CRI 16-07, CRI 16-08, and CRI 16-51" the trial court completed a thorough analysis of Abdo's Fourth Amendment rights and the South Dakota Supreme Court also addressed the issue. Doc. 48-1. The question is whether collateral estoppel prevents Abdo, from challenging the trial court's decision.

In *Haring v. Prosise*, the court held that the federal full faith and credit statute, 28 U.S.C. § 1738, "generally requires federal courts to give [the same] preclusive effect to state-court judgments whenever the courts of the State from which the judgment emerged would do so." 462 U.S. 306, 314 (1983) (internal citation and quotation marks omitted). "Accordingly, if state rules of collateral estoppel would bar relitigation of [F]ourth [A]mendment claims in a postconviction civil action, the federal court must give the state conviction the same effect." *Sanders v. Frisby*, 736 F.2d 1230, 1231 (8th Cir. 1984).

"The collateral estoppel doctrine 'bar[s] relitigation of an essential fact or issue involved in the earlier suit' if a four-part test is satisfied: '(1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Did the party against whom the plea is asserted have a full and fair opportunity to litigate the issue in the prior adjudication?' " *Zebrowski v. Am. Standard Ins. Co. of Wisconsin*, 2017 WL 4220452, at *3 (D.S.D. Sept. 21, 2017) (citing *Hamilton v. Sommers*, 2014 SD 76, 855 N.W.2d 855, 866 (S.D. 2014) (quoting *Estes v. Millea*, 464 N.W.2d 616, 618 (S.D. 1990)).

Applying this test, the Court finds: (1) the issue decided in "CRI 16-07, CRI 16-08, and CRI 16-51" by the First Judicial Circuit of South Dakota and was affirmed by the South Dakota Supreme Court in *State v. Abdo*, 2018 SD 34,14-19, 911 N.W. 2d 738 (S.D. 2018). The issue is precisely the issue presented in this litigation; (2) there was a final judgment on the merits by the South Dakota Supreme Court; (3) Abdo was in privity, as he was the named defendant in "CRI 16-07, CRI 16-08, and CRI 16-51," and (4) there was a full and fair opportunity to litigate the constitutionality of his arrest in "CRI 16-07, CRI 16-08, and CRI 16-51" and in *Abdo*, 2018 SD at

6

14-19. In both instances, Abdo was represented by counsel. The Court finds the decision of the South Dakota Supreme Court was a well-reasoned analysis of the Fourth Amendment. The decision of the South Dakota Supreme Court that Abdo's arrest was not a violation of his Fourth Amendment rights is binding on Abdo in this case. Thus, Officer Larson and Officer McGuire are entitled to summary judgment on this issue.

### ii. Compelling a Urine Sample without a Warrant Based on Probable Cause

Abdo claims that Officers McGuire and Larson violated his Fourth Amendment rights by compelling a urine sample from him. Doc. 7 at 4. Under the Fourth Amendment, "all searches and seizures must be reasonable" and, "a warrant may not be issued unless probable cause is properly established and the scope of the authorized search is set out with particularity." *Kentucky v. King*, 563 U.S. 452, 459 (2011). "A compelled urinalysis is a search under the Fourth Amendment[.]" *United States v. Twiss*, 127 F.3d 771, 773 (8th Cir. 1997); *see also Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 617 (1989).

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166. In this case, Officer Larson did not assist in obtaining the search warrant and did not compel the urine sample from Abdo as he was already off duty. Accordingly, Officer Larson is entitled to summary judgment as a matter of law.

Here, Officer McGuire secured a warrant for the urine sample from a magistrate judge. *Id.* ¶¶ 25-27. Typically, a warrant shields the officer from suit, but the United States Supreme Court has recognized an exception when " 'it is obvious that no reasonably competent officer

7

would have concluded that a warrant should issue.' " *Messerschmidt v. Millender*, 565 U.S. 535, 536 (2012) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). An officer is not immune from suit when the warrant was " 'based on an affidavit and lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.' " *Id.* (quoting *United States v. Leon*, 468 U.S. 897, 923 (1984)). Normally, an officer " 'cannot be expected to question the magistrate's probable-cause determination' because '[i]t is the magistrate's responsibility to determine whether the officer's allegations establish probable cause[.]' " *Id.* (quoting *Leon*, 468 U.S. at 921). This showing is "a high one, and it should be." *Messerschmidt*, 565 U.S. at 547. The court does not look to whether the warrant was determined unconstitutional but rather whether the officer "believe[d] that the warrant application established probable cause." *Kiesling v. Holladay*, 859 F.3d 529, 534 (8th Cir. 2017) (citing *Messerschmidt*, 565 U.S. at 553, 556).

In *Messerschmidt* and *Kiesling*, although the warrants were found to lack probable cause, the courts found that the it was not "entirely unreasonable" for the officers to rely on the search warrants. *Messerschmidt*, 565 U.S. at 535 (holding that an affidavit that set forth the facts of the assault recounted by the victim, gave details about the weapon used, and listed the background check on the defendant were not entirely unreasonable for the officer to rely on); *Kiesling*, 859 F.3d at 531 (holding that an officer's reliance on his affidavit which described a jailhouse call that the defendants were keeping a pet deer in their house and they were "watching" from their window" was not entirely unreasonable for the officer to rely on.).

In this case, Officer McGuire's affidavit was based on receiving statements that the suspect was at the house in question, receiving permission to enter the home, observing Abdo to have pinpoint pupils, Abdo's erratic attitude (upset, fighting, and crying), the fact that Abdo was unable to answer the questions, and Abdo's inability to perform a PBT. Doc. 48-2 at 2. The

8

Court finds that Officer McGuire's belief that probable cause existed from his affidavit was not "entirely unreasonable." Abdo has not submitted facts to show the contrary. Thus, Officer McGuire is entitled to qualified immunity on this issue.

### B. Count II/Fourth Amendment

After Abdo submitted an amended complaint and clarified his factual allegations, this Court dismissed Abdo's Fourteenth Amendment claim (which survived the initial screening in Doc. 7), because he did not allege any force used by the defendants. Doc. 37. However, in their brief in support of motion for summary judgment, defendants stated confusion as to whether this Court was allowing Abdo to proceed with a Fourth Amendment claim regarding his factual allegation that he was "threatened [] with a forced catheterization if [he] did not submit to a warrant that had no probable cause." Doc. 38 at 2; Doc. 46 at 16. Although the Court did not direct that this claim survived, the Court will address why even if it had, defendants are still entitled to summary judgment as a matter of law.

Regardless of whether Abdo is considered an arrestee (invoking the Fourth Amendment) or a pretrial detainee (invoking the Fourteenth Amendment) allegations of excessive force for either are determined by an objectively reasonable basis. *Andrews v. Neer*, 253 F.3d 1052, 1060 (8th Cir. 2001) ( "If the victim is an arrestee, the Fourth Amendment's 'objective reasonableness standard controls. . . . The evaluation of excessive-force claims brought by pre-trial detainees, although grounded in the Fifth and Fourteenth Amendments rather than the Fourth amendment, also relies on an objective reasonableness standard.") In *Graham v. Connor*, the United States Supreme Court set forth the objectively reasonable inquiry in an excessive force case, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and

circumstances confronting them, without regard to their underlying intent or motivation." 490 U.S. 386, 397 (1989).

Here, Abdo claims he was "threatened with forced catheterization[.]" Doc. 38 at 2. The undisputed facts state that when he was presented with the warrant for his urine sample, Abdo tried to punch a police officer and he was told that he could that when he got to the hospital, he could voluntarily offer a urine sample or he could have one collected through a catheter. *Id.* ¶¶ 28, 29. Abdo agreed to provide the urine sample voluntarily. *Id.* ¶ 30. Abdo emphasizes that the warrant was not based on probable cause, which the First Circuit Court and the South Dakota Supreme Court agreed with, however, when an Officer is holding what they believe to be a valid search warrant that granted authority to " 'search/seize the person of John David Abdo JR . . . and transport him Wagner Community Hospital to have a sample of his urine taken' by a 'reliable and accepted method, in a medically approved, reasonable manner.' " *Id.* ¶ 27. Abdo has not shown a genuine issue of material fact that Officer McGuire used excessive force when he told Abdo that if he did not comply voluntarily, a urine sample would be collected through a catheter. Even if Abdo believed that he was being threatened, he has not raised a genuine issue of material fact that this "threat" is objectively unreasonable when the warrant stated he could have his urine taken by an accepted method. Thus, Officer McGuire is entitled to summary judgment as a matter of law.

**C. Count III/Equal Protection**

Abdo claims Officer McGuire violated his rights under the Equal Protection Clause of the Fourteenth Amendment because Officer McGuire arrested him because he is a Native American. Doc. 7 at 6. Defendants argue that Abdo's Equal Protection Clause argument fails as a matter of law. Doc. 46 at 23. This Court agrees with the defendants.

"[T]he Constitution prohibits selective enforcement of the law based on considerations such as race." *Whren v. United States*, 517 U.S. 806, 813 (1996)). In *Johnson v. Crooks*, the Eighth Circuit held that the plaintiff must prove that the defendant "exercised his discretion to enforce . . . laws on account of her race, which requires proof of both discriminatory effect and discriminatory purpose." 326 F.3d 995, 1000 (8th Cir. 2003). Here, Abdo stated that Officer McGuire arrested him because he is a Native American. Doc. 7 at 6. However, the undisputed facts show that Abdo was arrested after the victim went to the hospital and Officer Larson talked with Houseman about what had happened. Doc. 47 ¶¶ 10-12. Houseman had previously heard the victim yell " 'Stop biting me!' " and when Houseman entered the room he saw the victim screaming and Abdo sleeping or passed out in the room. *Id.* ¶¶ 5-7. Abdo has not offered evidence to show that Officer McGuire arrested him with discriminatory effect and discriminatory purpose as required by *Johnson*. *Johnson*, 326 F.3d at 1000. Thus, Officer McGuire is entitled to summary judgment on Abdo's Equal Protection claim.

## II. Motions to Appoint Counsel

Abdo filed two motions to appoint counsel. Docs. 41, 42. He claims that he does not have the ability to properly investigate and he is hindered by his limited mobility in that he is a prisoner. Doc. 41 at 1. Abdo believes he has a due process right to an attorney. *Id.* at 1-2. Further, he claims that he does not have access to support materials and no way to gain these materials. Doc. 42 at 1. Because defendants are entitled to summary judgment on all claims and this case is dismissed without prejudice, Abdo's remaining motions to appoint counsel, Docs. 41 and 42, are denied as moot. Accordingly, it is

ORDERED:

1. That defendants Shane Larson and Brian McGuire are entitled to summary judgment as a matter of law on Claim I (Abdo's Fourth Amendment claim regarding his arrest).

2. That defendant Shane Larson is entitled to summary judgment as a matter of law on Claim I (Abdo's Fourth Amendment claim regarding the warrant for his urine sample).

3. That defendant Brian McGuire is entitled to summary judgment based on qualified immunity on Claim I (Abdo's Fourth Amendment claim regarding the warrant for his urine sample).

4. That defendants Shane Larson and Brian McGuire are entitled to summary judgment as a matter of law regarding Abdo's possible Fourth Amendment claim, Count II.

5. That defendant Brian McGuire is entitled to summary judgment as a matter of law regarding Abdo's Claim III (Equal Protection).

6. That Abdo's complaint be dismissed with prejudice and judgment entered in favor of the defendants.

7. That Abdo's motions to appoint counsel, Docs. 41 and 42, are denied as moot.

Dated this 9th day of March, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK